## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRVIN HARPER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.D.A. KELLY HARRELL, et al.** | : | **NO. 17-5603** |
| **Defendants.** | : | |

### MEMORANDUM

**STENGEL, J.**                                                    **DECEMBER 21, 2017**

Plaintiff Irvin Harper brings this civil rights action, pursuant to 42 U.S.C. § 1983, based on allegations that he has been falsely arrested and maliciously prosecuted. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint without prejudice to plaintiff filing an amended complaint.

### I.      FACTS[1]

Plaintiff filed this lawsuit for damages against the following twenty individuals: (1) A.D.A. Kelly Harrell; (2) Larry Krasner, the newly-elected Philadelphia District Attorney who has not yet taken office; (3) Detective Daniel O'Malley; (4) Jim Carpenter (identified as "D.A."); (5) the City of Philadelphia; (6) Julie Shaw; (7) Terrance Oz Egger; (8) the Philadelphia District Attorney's Office; (9) the Philadelphia Daily News; (10) the Philadelphia Police; (11) Fox 29 News; (12) Kelly Hodge, the Acting Philadelphia District Attorney (misspelled Kelly Hadge); (13) Kathleen Martin; (14) the Commonwealth of Pennsylvania; (15) Seth Williams, the former Philadelphia District Attorney; (16) Fred Harrison, Jr., identified as "lawyer"; (17) the Woman's

---

[1] The following facts are taken from the complaint and public dockets of proceedings in state and federal court, of which this Court may take judicial notice.

Law Project of Philadelphia; (18) the City Council of Philadelphia; (19) Josh Shapiro, the Attorney General of Pennsylvania; and (20) John W. Person, identified as "lawyer." Plaintiff alleges that he was "arrested by Philadelphia S.V.U. Detectives without investigations just false allegations that don't add up and [he] was deframed [sic] in the news paper and on the Fox 29 news." (Compl. at 3.) Plaintiff does not further elaborate on those assertions, but contends that his "whole life [has been] taken from [him] for a crime [he] didn't do." (*Id.*) The Court construes his complaint as raising clams for false arrest, false imprisonment, malicious prosecution, and defamation.

According to the complaint, the events giving rise to plaintiff's claims occurred on November 3, 2016. A search of criminal dockets reflects that plaintiff is awaiting trial in three criminal proceedings pending against him in the Philadelphia Court of Common Pleas. Two of the proceedings concern rape and related charges arising out of offenses that occurred on different dates. *See Commonwealth v. Harper*, Docket Nos. CP-51-CR-0011482-2016 & CP-51-CR-0011483-2016. The third proceeding involves drug charges that are pending against plaintiff. *See Commonwealth v. Harper*, Docket No. CP-51-CR-0011481-2016.

Prior to filing the instant civil action, plaintiff initiated a lawsuit pursuant to 42 U.S.C. § 1983 against several of the same defendants named in this lawsuit—the Philadelphia District Attorney's Office, Kathleen Martin, the Philadelphia Daily Newspaper, Julie Shaw, the City of Philadelphia, Mark Burgmann, and Detective O'Malley (spelled Detective O'Meally)—claiming that his rights had been violated in connection with his arrest, prosecution, and publicity about his criminal matters. *Harper v. The District Attorney's Office*, E.D. Pa. Civ. A. No. 17-2812. In a July 17, 2017 order, the Court granted plaintiff leave to proceed *in forma pauperis*, denied his

requests for injunctive relief, and stayed the remainder of the case pending the outcome of the underlying criminal proceedings including any available appellate proceedings. *Id.* (ECF No. 7).

## II.     STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[2] As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

### A.  Plaintiff Cannot State a § 1983 Claim Against the Commonwealth of Pennsylvania

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] As plaintiff is a prisoner, he will still be obligated to pay the filing fee in installments pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

The Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from claims under § 1983 and is not considered a "person" subject to liability under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, plaintiff's claims against the Commonwealth are legally frivolous.

### B. Absolute Prosecutorial Immunity

Plaintiff raises several claims against assistant district attorneys and district attorneys that appear to be based on plaintiff's belief that those defendants have filed criminal charges against him and/or prosecuted him without sufficient evidence. However, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, plaintiff's malicious prosecution claims against the prosecutors and District Attorneys are legally frivolous because those claims are barred by absolute immunity. Furthermore, it is not clear how defendant Krasner could be held responsible for the manner in which plaintiff's case has been handled as he has not yet taken office.

### C. Plaintiff Has Not Stated a Plausible Claim for Relief

The Court understands plaintiff to be raising false arrest, false imprisonment, and malicious prosecution claims based on some or all of his pending prosecutions. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's

knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense

has been or is being committed by the person to be arrested." *Id.* at 483. To state a claim for

false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the

context of an arrest, generally depends on whether the detention was supported by probable

cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (citing *Wallace v.

Kato*, 549 U.S. 384 (2007)). A plaintiff alleging malicious prosecution must establish that the

defendants initiated a criminal proceeding against the plaintiff—without probable cause and with

malice—and that the proceeding terminated in the plaintiff's favor. *See McKenna v. City of

Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

Additionally, "[a] defendant in a civil rights action must have personal involvement in the

alleged wrongs to be liable." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007)

(quotations omitted). Although supervisors and high-ranking officials may be held liable for

violating a plaintiff's rights if they participated in the wrongdoing by virtue of their own

misconduct or their maintenance of a policy or custom that violated plaintiff's rights, supervisors

are not subject to liability under § 1983 based solely on the conduct of their employees. *See

Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."); *see also Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir.

2014). To state a claim against a municipality such as the City of Philadelphia, a plaintiff must

allege that the defendant's policies or customs caused the alleged constitutional violation. *See

Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify

[the] custom or policy, and specify what exactly that custom or policy was" to satisfy the

pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Plaintiff's claims fail for several reasons. Initially, it is not clear which arrests or prosecutions plaintiff is challenging. Plaintiff also rests his claims entirely on legal conclusions without alleging any facts that would show probable cause was lacking for his arrest, detention, or prosecution. *See Gebhart v. Steffen*, 574 F. App'x 156, 159 (3d Cir. 2014) (affirming dismissal of malicious prosecution claim when plaintiff "ma[de] no effort to identify the [allegedly] misrepresented facts or describe how the charges were exaggerated and baseless" as she alleged in her complaint); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Additionally, plaintiff does not allege that the criminal charges resolved in his favor, as is necessary to state a claim for malicious prosecution. *See Smith v. Wagner*, 573 F. App'x 94, 96 n.2 (3d Cir. 2014) (per curiam) ("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution . . . ."). If plaintiff is raising malicious prosecution claims based on the criminal proceedings cited above, his claims are premature because it is apparent from the dockets for those proceedings that they are still pending, such that they have not terminated in plaintiff's favor at this point. Plaintiff also has not alleged any facts explaining how each of the named defendants is responsible for allegedly violating his rights, nor has he identified any policy or custom responsible for the alleged violation of his rights that would establish a basis for municipal liability here.

Furthermore, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution," known as a "stigma-plus" claim. *Randall v. Facebook, Inc.*, --- F. App'x ---

, No. 17-2515, 2017 WL 5900565, at *2 (3d Cir. Nov. 30, 2017) (per curiam) (quoting *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989)); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976).  If plaintiff is claiming that his constitutional rights were violated based on the publication of information related to his arrest and prosecution, his claims fail because he does not allege that the claimed defamation was accompanied by a change of right or status sufficient to establish a "stigma-plus" claim cognizable under the Constitution.[3]

### D.  The Complaint Duplicates Pending Litigation

In addition to the above defects, plaintiff's complaint duplicates litigation that is already pending before this Court.  Although the complaint in the instant civil action is sparse, a comparison to plaintiff's complaint in *Harper v. The District Attorney's Office*, E.D. Pa. Civ. A. No. 17-2812, suggests that the two civil actions are based on the same events and assert many of the same claims against the same defendants.  However, a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc).  Accordingly, to the extent plaintiff's claims in this case duplicate his claims in Civil Action Number 17-2812, his claims are dismissed without prejudice to him proceeding in Civil Action Number 17-2812 after his underlying state criminal proceedings have resolved.

---

[3] Additionally, as noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Even if plaintiff could plead a "stigma-plus" claim, nothing in the complaint sets forth a basis for concluding that the Philadelphia Daily News, Fox 29 News, or any of their employees could be considered state actors subject to liability under § 1983.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  In an abundance of caution, the Court will give plaintiff leave to file an amended complaint in the event he can assert plausible claims against a non-immune defendants that do not duplicate the claims in Civil Action Number 17-2812.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate order follows.